1820.

TENBROOK,
v.
LANSING.

## TENBROOK *against* LANSING and others.

The act passed the 12th *April,* 1820, *(sess.* 43. *ch.* 184.) directing the sheriff or other officer, where lands are sold by virtue of any execution, to delay giving a deed to the purchaser, so as to give the debtor time to redeem within a year, on certain terms, does not apply to the case of a sale by a *master* of mortgaged premises, under a decree of sale and foreclosure.

PETITION of *J. Lansing,* Junr. one of the defendants, stating that the defendant *S. Lansing,* and his wife, on the 10th *July,* 1816, mortgaged to the plaintiff a farm in the town of *Bethlehem,* in the county of *Albany,* containing 83 acres, to secure the payment of 1060 dollars, with interest; and that on the 10th day of *July,* 1819, there were 108 dollars 96 cents of interest due. That the farm was purchased, in 1814, for 3000 dollars, and considerable sums of money have since been expended for repairs and improvements. That a bill of foreclosure has been filed, and a sale of the mortgaged premises decreed, to satisfy the monies due on the said mortgage. That the petitioner had acquired, by purchase, the equity of redemption. That the mortgaged premises were advertised for sale, on that day;

*September 6th.*

1820.

TENBROOK
v.
LANSING.

(*August*, 18, 1820,) and praying that the act, passed the 12th *April*, 1820, entitled, " an act in addition to the act concerning judgments and executions," might be applied to the case, as coming within the equity of that statute.

On that petition, an order was entered that the master, on selling the mortgaged premises, forbear to execute a deed to the purchaser, until further order, and that he make a report of such sale to the Court, " to the end that the question of a right to redeem, under or within the equity of the statute, passed at the last session of the Legislature, may be considered."

The master sold, on the day of the date of the petition, and of the said order, under the decretal order of the 12th day of *June* last, to satisfy the principal, interest, and costs, the whole of the mortgaged premises to *Samuel Van Orden*, the agent for the plaintiff, for 1440 dollars.

Upon this case, the plaintiff moved, that the order suspending the execution of a conveyance by the master be discharged.

*A. Van Vechten*, for the plaintiff,

*J. Lansing*, Junr. *in propria persona.*

THE CHANCELLOR. This case is evidently not within the statute referred to. That statute applies only to sales on execution issued and directed to the sheriff or other officer; and this is not such a case. If we look through all the details of the act, we shall, in vain, search for any provision that shows an intention to apply the directions of the act to sales of mortgaged premises, made either by the mortgagee himself, under a power, or by a master under a decree. A sale by the master cannot be said to be a sale " by virtue of an execution," nor, in such a case, is there " an execution issued." And when the act speaks of " the duty of the she-

riff, or other officer who shall have sold, or his executors or administrators, to complete such sale by executing a deed," it can hardly be supposed that the act intended that the executors or administrators of a master were to execute a deed.

Nor is the case within the equity or policy of the act : mortgaged premises are not sold by any process which can properly be said to be judgments and executions at law, or perhaps like process of execution from this Court, to act *in invitum*; for they are sold, and the equity of redemption barred, in pursuance of the express contract of the parties. The mortgagor agrees, that if he makes default in payment, the lands specified in the mortgage shall be sold, or his equity barred. The Court does no more than execute his specific contract. The lands are frequently sold by the mortgagee himself, under a power contained in the mortgage, or the equity of redemption may be barred, at the election of the mortgagee, by a strict foreclosure of that equity, without a sale, according to the uniform *English* practice, which continued until very lately, and which is according to the terms of the contract. In neither of these cases, can there be any pretence for the application of the statute. The Legislature, doubtless, intended to leave the case of mortgages untouched. They stand upon the footing of a contract, and the sale or foreclosure is part and parcel of that contract. Besides, it is the course and practice of the Court to enlarge the time to redeem, by extending the period of foreclosure, or the time for sale, on a bill to foreclose, if application be previously made, in due time, and on reasonable grounds, such as bringing into Court the arrears of interest and costs.

No such application was made in this case, to the discretion of the Court. But on the morning of the sale, an application is made to apply the provisions of the act of the last session, which permits the sale, but postpones the execution of the deed. I am, accordingly, of opinion, that the

CASES IN CHANCERY.

act does not apply, and that I have no authority to withhold the deed from the purchaser.

Motion to discharge the order of the 18th *August*, granted.

Motion granted.